IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE HOWARD O'NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ULTRAVISION TECHNOLOGIES, LLC and ) | |
| ACTIVE INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | Civil Action No. 3:20-CV-1335-C |

## ORDER

On May 21, 2020, Plaintiff filed the above-styled and -numbered civil action in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1332. Plaintiff's complaint provides:

> This Court has jurisdiction under 28 U.S.C. USC s (sic) 1332, because there is total [d]iversity between the parties and the amount in controversy is in excess of $5000.06 of costs and attorney's fees. Pl.'s Compl. § 2.01.

Plaintiff's complaint further provides:

> Defendant, Ultravision Technologies, LLC is a Delaware corporation authorized to do business in the state of Texas. Defendant's principle place of business [is] located at 4542 McEwen Road, Dallas, Texas 75244.[1] Pl.'s Compl. § 3.02.

Federal courts are duty-bound to examine their own subject-matter jurisdiction and may not proceed where it is apparent that jurisdiction does not exist. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Williams v. Parker*, 843 F.3d 617, 621 (5th Cir.

---

[1] Plaintiff is alleged to be an individual who resides in the state of Texas. Pl.'s Compl. § 3.01

2016). For purposes of establishing diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Without information concerning the citizenship of the members of Ultravision Technologies, LLC, it is impossible for the Court to determine whether complete diversity exists. Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this civil action should not be dismissed for lack of subject-matter jurisdiction by amending the original complaint to provide a good-faith pleading, therein providing the Court with information regarding the members of the limited liability company and the citizenship of those members on or before 9:00 a.m. on June 12, 2020. Plaintiff shall further address the typographical errors as contained within the jurisdiction and venue section of the complaint.[2]

SO ORDERED this 29th day of May, 2020.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Although the docket appears to reflect that federal question jurisdiction has been asserted, the Court notes that Plaintiff has failed to plead any factual allegations arising under 28 U.S.C. § 1331.

2